UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SQUARE D COMPANY, ) | CASE NO. 1:06CV2857 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | |
| ) | |
| PLASTECH ENGINEERED ) | **ORDER** |
| PRODUCTS, INC., ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion (ECF DKT #11) of Plaintiff, Square D Company, for Relief from Judgment or Order Pursuant to FRCP 60(a).  For the following reasons, the motion is denied.

**I. BACKGROUND**

On November 27, 2006, Plaintiff filed its Verified Complaint for Recovery of Specific Personal Property (without notice or hearing) or, in the alternative, Temporary Restraining Order.  Plaintiff sought the return of its tooling and/or dies from Plastech.  The Court required Plaintiff's counsel to notify Defendant's counsel and to appear for an injunction hearing at 2:00 p.m. on November 28, 2006.  With the Court's assistance, and after four and a half hours, the parties agreed to arrange for the return of the property. An Order was prepared, with the help of the Court's facilities and personnel, which memorialized the parties' agreement.  On November 30, 2006, a dismissal with prejudice was entered, allowing for Court intervention if the agreed terms were not met, or if good cause were shown for the exercise of the Court's continuing jurisdiction.

## **II. LAW AND ANALYSIS**

Rule 60(a) of the Federal Rules of Civil Procedure provides in pertinent part: "clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party." However, "[t]he rule applies only to clerical errors and does not authorize the court to revisit its legal analysis or otherwise correct an error of substantive judgment." *Mutchler v. Dunlap Memorial Hospital*, 2006 WL 2850458 (N.D. Ohio, Oct. 2, 2006) at *1, citing *Olle v. Henry & Wright Corp.*, 910 F. 2d 357, 364 (6th Cir. 1990). The Sixth Circuit acknowledges: "[t]he basic distinction between clerical mistakes and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of blunders in execution whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination." *Mutchler, id.*; *Pruzinsky v. Gianetti*, 282 F. 3d 434, 440 (6th Cir. 2002).

First, there was no clerical error made in the Order entered by this Court on November 30, 2006, dismissing this matter with prejudice. Therefore, Rule 60(a) is not an appropriate vehicle for relief. The Court's intention, at all times, was to recognize that the parties had reached an accord; and that, based on the Complaint before it, no issues remained to be litigated.

Second, the Court is not obligated to hear issues not asserted, nor defenses and counterclaims to claims Defendant may possibly raise at a later date.

Third, in a telephone conference with the Court late in the evening of November 28, 2006, Plaintiff's counsel, herself, acknowledged the issues before the Court were limited to the "four corners" of the pleading, and did not include Defendant's potential claims, contract or otherwise.

In Plaintiff's Motion, counsel makes mention of "open issues." The Court is aware of none. Further, Plaintiff admits it made a tactical determination not to assert a variety of contract claims arising out of the parties' relationship which could have been raised. This Court cannot be expected to read the minds of counsel or to discern the expectations of the parties which are not committed to writing. The Court is authorized to retain, and has, in fact, retained, jurisdiction over the replevin matter before it, and over any dispute concerning the sufficiency of the security bond posted in accordance with Rule 65, governing injunctive relief.

### III. CONCLUSION

Based upon the law applicable to Rule 60(a), and for all of the reasons set forth above, Plaintiff's Motion for Relief is denied.

**IT IS SO ORDERED.**

**DATE: December 19, 2006**

    **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**